675 So.2d 1153 (1996)
LOCAL 100, SERVICE EMPLOYEES' INTERNATIONAL UNION
v.
Rose V. FORREST, Secretary, Louisiana Department of Health and Hospitals.
No. 95 CA 1954.
Court of Appeal of Louisiana, First Circuit.
May 10, 1996.
*1155 Spencer Livingston, New Orleans, for Appellant Plaintiff Local 100, Service Employees' International Union.
Lou Ann Owen, Baton Rouge, for Appellee Defendant Rose V. Forrest, Secretary, Louisiana Department of Health and Hospitals.
Before WATKINS, FOIL and TANNER[*], JJ.
FOIL, Judge.
This appeal challenges a trial court's determination that the names and addresses of certified nurse's aides found in a registry maintained by the Department of Health and Hospitals are exempt from public disclosure. We reverse.

FACTUAL AND PROCEDURAL BACKGROUND
Local 100, Service Employees' International Union, filed a request with the Louisiana Department of Health and Hospitals (DHH) seeking a list of the names of all certified nurse's aides, along with their telephone numbers, addresses and places of employment. DHH refused to provide the information. In response, plaintiff filed a petition for a writ of mandamus, alleging that DHH is required by federal law to maintain a file and does in fact maintain a file including the names and addresses of all certified nurse's aides in the State of Louisiana. Plaintiff asserted that DHH unlawfully denied it access to this information, and sought to recover costs, attorney's fees and civil penalties.
DHH defended its refusal to comply with plaintiff's request on the basis that the certified nurse's aides had an overriding privacy interest under La. Const. Art. 1, § 5 which prevented disclosure of their names and addresses. The trial court agreed, and denied the disclosure request on the basis that the individuals on whom information was sought were employed in the private sector rather than the public sector. This appeal followed.

DISCUSSION
In its first assignment of error, plaintiff complains that the trial court erred in refusing to require DHH to disclose the names, addresses and places of employment of the certified nurse's aides. Although plaintiff initially requested the names, addresses, places of employment and telephone numbers of the certified nurse's aides, in its petition for mandamus, plaintiff limited its legal challenge to DHH's failure to disclose information to the names and addresses of the nurse's aides. Plaintiff never mentioned the places of employment or telephone numbers in any pleading filed in the trial court. Furthermore, plaintiff never raised the issue of its entitlement to the telephone numbers to this court. We shall limit the issue raised in this appeal to the names and addresses of the nurse's aides, and we make no pronouncement regarding any other information plaintiff may have sought in its letters to DHH.
It is undisputed that DHH does in fact maintain a registry containing personnel information on all certified nurse's aides in the State of Louisiana. DHH is required to maintain this registry under federal law. 42 U.S.C. § 1396r(e)(2)(A). DHH must include in the registry any findings by the State of resident neglect, abuse or misappropriation of property involving an individual listed in the registry. 42 U.S.C. § 1396r(e)(2)(B). This provision further provides that a State "shall make available to the public information in the registry." Federal regulations also provide for mandatory and discretionary disclosure of information in the registry by the States maintaining the registry. 42 CFR § 483.156(d).[1]
*1156 It is also undisputed that the information sought is a matter of public record falling under the purview of La. Const. art. 12 § 3 and the Public Records Law, La.R.S. 44:1 et seq. La. Const. art. 12 § 3 mandates that "no person shall be denied the right to ... examine public documents, except in cases established by law."
La.R.S. 44:31 provides as follows:
Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter any person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record.
La.R.S. 44:32A and B require a custodian to present a public record to any person of the age of majority who so requests, and the custodian may only inquire as to the requester's age and identification.
In light of these constitutional and statutory provisions, it is established that access to public records is a fundamental right and any request for public records must be analyzed liberally in favor of free and unrestricted access to the records. Title Research Corporation v. Rausch, 450 So.2d 933, 936 (La.1984). That right of access may only be denied when a law, specifically and unequivocally, provides against access to the public record. Id. Any doubt as to whether the public has an access to public records must be resolved in favor of the public's right to see. Id.
The burden is on the custodian to prove it lawfully withheld any information that is part of a requested public record. La.R.S. 44:35B; Elliott v. Taylor, 614 So.2d 126 (La.App. 4th Cir.1993). DHH admits that there is no specific exemption in the Public Records Law to shield the requested information. However, it argues that the individual nurse's aide's privacy interest in withholding their names and addresses from public disclosure, protected by La. Const. Art. 1 § 5, outweighs the public's access rights and thus justifies its refusal to withhold the information from plaintiff.
La. Const. art. 1 § 5 prohibits only unreasonable invasions of privacy. In ascertaining whether individuals have a reasonable expectation of privacy that is constitutionally protected, a court must determine not only whether the individual has an actual or subjective expectation of privacy, but whether that expectation is also of a type which society at large is prepared to recognize as being reasonable. State v. Harper, 27-278 (La. App. 2 Cir. 8/3/95); 660 So.2d 537, 547, writ denied, 95-2318 (La. 1/12/96); 666 So.2d 320.
In Webb v. City of Shreveport, 371 So.2d 316 (La.App.2d Cir.), writ denied, 374 So.2d 657 (La.1979), the court set forth a test to ascertain whether a claim of an invasion of the right to privacy justified a custodian's decision to withhold public records. First, the custodian or individual claiming the privacy right must prove that there is a reasonable expectation of privacy against disclosure of the information to a person entitled to access to the public information. If, and only if, a reasonable expectation of privacy is found, a court must weigh or balance the public records disclosure interest against the privacy interest. Id. at 319.
In Webb, a union representative sought to obtain the names and addresses of a city's employees. The city asserted the employees' privacy interest in an effort to shield the information from disclosure. The court found that the city employees did not have a reasonable expectation of privacy against governmental disclosure of their names and addresses. The court explained:
... complete privacy does not exist except for the eremite in the desert. A person's employment, where he lives, and where he works are exposures which we all must suffer. We have no reasonable expectation of privacy as to our identity or as to where we live or work. Our commuting to and from where we live and work is not done clandestinely and each place provides a facet of our total identity.
*1157 Id. at 319.
Because the Webb court found that there was no reasonable expectation of privacy in the names and addresses of public employees, it did not engage in a balancing test, and held that Louisiana law mandated disclosure of the information.
In the instant case, the trial court engaged in a balancing test simply because the individuals on whom the information was sought are private citizens. In support of this approach, DHH attempts to distinguish Webb on the basis that the individuals in this case are private citizens; whereas, the individuals in Webb were public employees. However, Webb was not premised on the fact that the individuals were engaged in public employment, but upon the fact that a person does not have a reasonable expectation of privacy in his identity or address. This premise holds true whether the individual is a public or private employee. Furthermore, this court is not at liberty to craft new exceptions to the Public Records Law for information pertaining to private citizens.
In order to establish a reasonable expectation of privacy in an individual's name or address, a state agency would have to show more than the mere appearance of such information on the public record.[2] Since DHH has been unable to do so, we find that disclosure of the names and addresses of certified nurse's aides would not amount to an unreasonable invasion of their right to privacy. Therefore, since DHH has not met its threshold burden of proving that the information is protected from disclosure by law, DHH must provide plaintiff with the names and addresses of all certified nurse's aides in Louisiana.

ATTORNEY'S FEES
The Public Records Law, La.R.S. 44:35D, provides that a court shall award attorney's fees and other costs of litigation where the litigant requesting public records prevails in the suit. Plaintiff has wholly prevailed in this suit in proving its entitlement to the names and addresses of the nurse's aides, and therefore, plaintiff is entitled to reasonable attorney's fees for prosecuting the lawsuit. Since we are unable to set a reasonable attorney fee on the record before us, we remand this case to the trial court to enter an award based on the amount of time spent by plaintiff's attorney in the trial and appeal of this matter. Furthermore, plaintiff is entitled to all costs of prosecuting this lawsuit.

PENALTIES
Plaintiff contends that it is entitled to penalties under La.R.S. 44:35 for DHH's action in withholding the requested information. La.R.S. 44:35E provides that if a court finds that the custodian unreasonably or arbitrarily failed to respond to the request, it may award the requester civil penalties up to $100.00 per day, exclusive of holidays, for each day of the failure to give notification.
We do not find DHH's actions to be unreasonable or arbitrary, but instead find that it acted in good faith in asserting the privacy interest of the nurse's aides in refusing to disclose the requested information. Accordingly, we deny plaintiff's request for penalties.

CONCLUSION
Based on the foregoing, the judgment appealed from is reversed. The Department of Health and Hospitals is hereby ordered to furnish plaintiff with a list of the names and addresses of all certified nurse's aides in accordance with the dictates of the Public Records Law. The Department is ordered to pay all costs of this litigation, including the cost of this appeal in the amount of $337.86. This matter is remanded to the trial court to enter a reasonable attorney's fee award and to assess court costs.
REVERSED AND REMANDED.
NOTES
[*] Judge THOMAS W. TANNER, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[1] Defendant attempts to argue that the States were given discretion by federal law to disclose personal information about individuals whose names appeared in the registry, and for this reason, this court should not mandate disclosure. However, since DHH is a state agency, whether it has an obligation to disclose certain information appearing in a public record is governed by the Public Records Law, La.R.S. 44.1 et seq. and our constitution. The federal disclosure provisions cited by DHH are simply not applicable to the instant case, and have no bearing on our determination as to whether the requested information is subject to disclosure under Louisiana law.
[2] For instance, if it were shown that the release of the individual's name could cause embarrassment or humiliation, a reasonable privacy interest against disclosure could be found. See Gannett River States Publishing v. Hussey, 557 So.2d 1154 (La.App. 2d Cir.), writ denied, 561 So.2d 103 (La.1990), wherein the court employed the Webb analysis, and found that applicants for a city position had a reasonable expectation of privacy in the list of names of applicants for the job because their present job security could be threatened.