697 So.2d 1055 (1997)
STATE of Louisiana
v.
Donald Nell MART.
No. 96 CA 1584.
Court of Appeal of Louisiana, First Circuit.
June 20, 1997.
*1056 Howatt Peters, Jason Lyons, Houma, for State.
Jerald Block, Thibodaux, for Douglas and Linda Greenburg.
Jack Weiss, Mark Holton, New Orleans, Joseph Waltz, Sr., Houma, for Appellants HTV, Martin Folse, Lonnie Thibodaux.
J. David Forsyth, New Orleans, for Appellant Houma Courier Newspaper Corp.
*1057 William F. Dodd, Houma, for Sheriff Jerry Larpenter.
Alexander Crighton, Houma, Frederick Bott, New Orleans, for Terrebonne Parish School Board.
Joseph L. Waitz, Jr., Houma, for Casey Cedatol.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
FOIL, Judge.
This appeal challenges a trial court's ruling denying a newspaper and television station's request for access to a videotape depicting a beating on a public school bus following the termination of a criminal prosecution arising from the incident. Various procedural rulings of the trial court are also contested in this appeal, as well as the court's order enjoining the television station from copying and distributing a copy of the videotaped beating it currently has in its possession. After a thorough review of the record, we reverse and vacate the trial court's order.

BACKGROUND
On November 8, 1994, Casey Cedatol, a student, was beaten while riding on a school bus operated by the Terrebonne Parish School Board. A video camera installed on the bus captured the fight and as a result, the participants in the altercation were identified and arrested. One of the offenders, Donald Nell Mart, pled guilty to simple battery and was sentenced. Thereafter, the District Attorney's office sought to charge Mart with aggravated battery based on the same incident. Mart filed a motion to quash the bill of information on double jeopardy grounds. A copy of the videotaped beating was introduced under seal in a hearing on Mart's motion to quash. Judge Paul Wimbish, who viewed the videotape, found that there were actually two fights in the school bus incident, and denied the motion to quash. This court reversed that determination and granted Mart's motion to quash the bill of information on March 8, 1996 in Docket No. 96KW0270. This court ruled that Mart could not be charged with aggravated battery because he pled guilty to simple battery for the same act upon which the new charge was based.
Thereafter, on March 26, 1996, the District Attorney filed a motion entitled "Motion to Unseal Evidence Tape and Destroy All Copies of the Tape" in the Mart criminal prosecution. The District Attorney requested that the tape introduced under seal in the Mart prosecution (hereinafter referred to as "the evidence tape") be returned to him so that it could be destroyed. He also asked that all copies of the tape be destroyed, except for the copies he was returning to the school board and to HTV. The record reflects that some time prior to the Mart prosecution, HTV, a local television station, obtained a copy of the videotape. HTV surrendered the videotape to the District Attorney in compliance with a subpoena duces tecum served on it by that office in connection with the Mart prosecution. The District Attorney justified his request to destroy the evidence tape and other copies of the tape on the basis that following the conclusion of the Mart prosecution, his office wished to return the copies of the videotape to their rightful owners (the school board and HTV), and destroy all other copies because they were no longer needed for the Mart prosecution.
Upon reviewing the motion, Judge John Pettigrew issued an order requiring the school board, HTV and the Houma Daily Courier, a local newspaper, to appear in court to show cause why the motion to "Unseal and Destroy" the videotape should not be granted. Both HTV and the Courier had made requests for access to the evidence tape either to the Terrebonne Parish Clerk of Court's office or to the judge pursuant to the Public Records Law near the time that the District Attorney filed the motion to unseal and destroy the evidence tape.
HTV and the Courier appeared at the hearing and asserted that they had a right of access to the evidence tape under the First Amendment to the United States Constitution, the common law and the Louisiana Public Records Law. At the hearing on the motion, the District Attorney's office rested on the claim that it merely desired to return the evidence to the lawful owner at the conclusion of a criminal prosecution. Also at the *1058 hearing, the school board's attorney urged that the school board had an interest in protecting the privacy of the students depicted on the tape. The school board took the position that federal law shielded the evidence tape from disclosure because it contained personally identifiable information about the students on board the bus which could not be released without their parents' consent. Also, the school board argued that Louisiana law, namely, the Children's Code article 412, prohibited the release of the evidence tape because it was turned over by the school board to law enforcement agencies partially in connection with proceedings against one of the juvenile offenders depicted on the tape.
The attorneys for the media parties complained that the District Attorney failed to show a legitimate justification for shielding the evidence tape from public view. Because the issue of the students' privacy rights was raised at the hearing, the media parties sought to introduce into evidence twenty-six articles detailing the beating incident, the fact it was videotaped, the contents of the videotape, as well as the fact HTV had a copy of the tape and surrendered it to the District Attorney. The trial court refused to allow the parties to put on any evidence, and a proffer was made.
At the conclusion of the hearing, the trial judge took judicial notice of the entire Mart proceeding, and stated that he viewed the videotape that HTV had submitted in connection therewith. He denied HTV and the Courier's request for access to the evidence tape, finding that even though it was a public record, it was shielded from disclosure under federal and Louisiana law because it depicted juveniles thereon. The judge ruled that the federal and state's interest in protecting juveniles overrode the public's right of access to the tape.
The judge ordered that the evidence tape be held in the Terrebonne Parish Clerk of Court's office under seal for a period of three years, after which time, it was to be destroyed. He further ordered the return of all copies of the videotape, except for those returned to the school board and HTV. The copies, the judge decreed, were to be turned over to the Terrebonne Parish Clerk of Court's office, where, in the absence of any appeal from the ruling, they were to be destroyed following a period of 180 days. Finally, the judge issued an order enjoining HTV from making a copy of the tape in its possession and from distributing any copies of its videotape to third parties.
This appeal, taken by the Courier and HTV, followed. Appellants challenge the trial judge's ruling denying them access to the evidence tape, the judge's refusal to consider their proffered evidence, as well as the order prohibiting HTV from making copies of its videotape and distributing those copies to third parties.

PROCEDURAL CHALLENGES
The District Attorney urges that the appeal should be dismissed because HTV and the Courier should not have been allowed to assert their civil public access claims in a criminal proceeding. This argument has no merit. The media parties were cited into court to participate on the District Attorney's motion to destroy an evidence tape by the judge who was presiding over the motion because he was aware of their requests for access to the evidence tape. The District Attorney did not file any motions at the trial level to preclude the media parties from participating in the hearing on its motion to unseal and destroy the evidence tape. Furthermore, a proceeding involving the disposition of property used in connection with a criminal proceeding, even if governed in part by criminal statutes, is by nature a civil action, especially where, as here, the criminal proceedings have been concluded. See State v. Baynes, 96-0292 (La.App. 4 Cir. 7/31/96); 678 So.2d 959, 962 n. 2. For these reasons, we find that HTV and the Courier's access claims were properly raised in the proceedings below.
In a second procedural challenge, HTV and the Courier contest the judge's refusal to allow them to introduce evidence offered to rebut the privacy concerns raised at the hearing. This evidence, which was proffered by the parties, included twenty-six articles that were published in the Courier about the Cedatol beating. Because we find, infra, *1059 that the students on board the bus did not have a protected privacy interest in shielding their identity from public view, no balancing of competing interests is required, and therefore, the proffered evidence is immaterial to our resolution of the issues presented in this appeal. Accordingly, we need not assess the correctness of the trial judge's exclusion of the evidence.

RIGHT OF ACCESS TO THE VIDEOTAPE
The Courier and HTV argue that they have a right of access to the videotape by virtue of the First Amendment to the Constitution, the common law right of access to judicial records, and the Louisiana Public Records Law. Because we agree that Louisiana's public access law mandates that the evidence tape be released to the public, we pretermit discussion of whether disclosure is mandated on any other legal ground.
Under Louisiana law, the right of the public to access public records is a fundamental right protected by the constitution and by statute. Local 100, Service Employees' International Union v. Forrest, 95-1954 (La.App. 1 Cir. 5/10/96); 675 So.2d 1153, 1156, writ denied, 96-1499 (La. 9/20/96); 679 So.2d 441; Nix v. Daniel, 95-1393 (La.App. 1 Cir. 2/23/96); 669 So.2d 573, 575, writ denied, 96-0878 (La. 10/25/96); 681 So.2d 360. La. Const. art. 12 § 3 provides that "no person shall be denied the right to examine public documents except in cases established by law." The Public Records Law, La.R.S. 44:31, grants to each person of the age of majority the right to "inspect, copy or reproduce or obtain a reproduction of any public record," except as otherwise provided by law. Any request for a public record must be analyzed liberally in favor of free and unrestricted access to the record. Title Research Corporation v. Rausch, 450 So.2d 933, 937 (La.1984); Local 100, Service Employees' International Union v. Forrest, 675 So.2d at 1156. The right of access may be denied only when a law, specifically and unequivocally, provides against access to the public record. La. Const. art. 12 § 3; La.R.S. 44:33; Local 100, Service Employees' International Union v. Forrest, 675 So.2d at 1156.
The District Attorney contends that the evidence tape is not a public record falling within the purview of Louisiana's public access law. Without explanation, he posits that the tape does not fit the legal definition of a public record. La.R.S. 44:1, A(2) defines a public record to include:
All ... tapes, recordings.... having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state ...
Generally, all records, writings, recordings, tapes, reproductions and electrical data prepared for use by any instrumentality of the state, parish or municipal government are public records. Nix v. Daniel, 669 So.2d at 575. Given this broad definition, it can hardly be disputed that the evidence tape constitutes a public record. It is a reproduction of a tape prepared for use by a parish school system during the course of its duty to provide public transportation to its students. Therefore, we find that the evidence tape is a public record subject to Louisiana's public access laws.
The burden is on the party seeking to prevent disclosure to prove that withholding of a public record is justified. Local 100, Service Employees' International Union v. Forrest, 675 So.2d at 1156. Because the District Attorney and the school board are attempting to shield the tape from public view, they must establish that a law, specifically and unequivocally, precludes public access to the evidence tape. The District Attorney argues that federal law prevents dissemination of the tape to the general public because it is a confidential educational record. The school board urges that the privacy interests of the students depicted on the videotape outweighs the public's right of access, and therefore, the tape should not be disclosed to the public.
In support of their respective positions, the District Attorney and the school board rely on 20 U.S.C. § 1232g, entitled "Family educational and privacy rights," commonly referred *1060 to as the "Buckley Amendment." This statute threatens to withhold federal funds from any educational institution which permits the release of educational records containing personally identifiable information therein without the written consents of the parents of the involved student or students. 20 U.S.C. § 1232g(b)(1) and (2).
Contrary to the District Attorney's assertion, the Buckley Amendment does not preclude the release of information pertaining to students to the public; rather, it acts to control the careless release of educational information by educational institutions by threatening to withhold federal funds for doing so. Red & Black Publishing Company, Inc. v. Board of Regents, 262 Ga. 848, 427 S.E.2d 257, 261 (Ga.1993); Student Bar Association Board of Governors, School of Law, University of North Carolina at Chapel Hill v. Byrd, 293 N.C. 594, 239 S.E.2d 415, 419 (N.C.1977). Therefore, we conclude that the Buckley Amendment does not preclude dissemination of the evidence tape to the public.
We turn to the school board's assertion that the privacy interests of its students depicted on the tape outweighs the public's access rights. In Local 100, Service Employees' International Union v. Forrest, 675 So.2d at 1157, this court set forth the following test to ascertain whether a claim of invasion of the right of privacy justifies a custodian's decision to withhold access to public records. First, the custodian or individual claiming the privacy right must prove that there is a reasonable expectation of privacy against disclosure of the information to a person entitled to access to the public information. If, and only if, a reasonable expectation of privacy against disclosure is found, a court must weigh or balance the public records disclosure interest against the privacy interest. Id.
La. Const. art. 1 § 5 prohibits only unreasonable invasions of privacy. In ascertaining whether individuals have a reasonable expectation of privacy that is constitutionally protected, a court must determine not only whether the individual has an actual or subjective expectation of privacy, but whether that expectation is also of a type which society at large is prepared to recognize as being reasonable. Local 100, Service Employees' International Union v. Forrest, 675 So.2d at 1156.
The school board asserts that the students had a subjectively reasonable expectation of privacy because a majority of the students were not involved in the fight, and the video camera captured their reaction, or lack thereof, to the crime that was committed on the bus. The school board urges that the students have a reasonable expectation that these images will be shielded from the public. It also posits that by virtue of the Buckley Amendment, those students' subjective privacy concerns are also objectively reasonable, as federal law has recognized that students have a privacy interest in their educational records.
However, the Buckley Amendment was not enacted to grant individual students the right of privacy. Red & Black Publishing Company v. Board of Regents, 427 S.E.2d at 261. Further, we find that the school board failed to demonstrate that the students had a reasonable expectation that their identity or their reaction to the crime would be shielded from public view. The students were riding on a public school bus and their actions were visible to all around them. The video camera installed on the bus surely apprised the students that their actions could be captured on tape and later observed. Under these circumstances, we conclude that the school board failed to show that the students have a protected privacy interest in shielding their identity or their reaction to the event unfolding around them from public view.
Because the District Attorney and the school board have not met their threshold burden of proving that the information contained in the evidence tape is exempted from disclosure by law, the Public Records Law mandates that the public be given access to the evidence tape. Accordingly, we hold that the trial court erred in denying HTV and the Courier access to the evidence tape, and we order that the Terrebonne Parish Clerk of Court, as custodian of the videotape, take reasonable steps to allow HTV and the Courier *1061 to examine and obtain a copy of the evidence tape in accordance with the dictates of La.R.S. 44:32.

ORDER PROHIBITING HTV FROM COPYING THE TAPE
We next examine the validity of the trial judge's broad order enjoining HTV from making copies of its videotape of the Cedatol beating and distributing them to the public. This order went far beyond any relief requested by the District Attorney in the motion to unseal and destroy the evidence tape. The order was premised on the judge's conclusion that the evidence tape was exempted from public disclosure, and allowing HTV to make copies of its tape and distribute them to third parties would violate his order that barred public access to the tape.
Because we have found that the evidence tape is a public record which must be released to the public, it is axiomatic that the order enjoining HTV from copying the videotape in its possession and distributing those copies to the public cannot stand. HTV's copy of the videotaped beating was already in the public domain at the time the motion to unseal and destroy was filed by the District Attorney, and the District Attorney's motion specifically excluded HTV's copy of the tape from its scope. Because we have found that the videotaped beating is a public record to which the public must be given access, and because HTV's tape was already in the public domain at the time of the trial court's ruling, we vacate the order enjoining HTV from making copies of the tape in its possession and distributing them to third parties.

CONCLUSION
Based on the foregoing, the judgment appealed from is reversed. The Clerk of Court of Terrebonne Parish is hereby ordered to provide access to the copy of the videotape introduced into evidence in the Donald Mart criminal prosecution to HTV and the Courier consistent with the dictates of the Public Records Law. The order prohibiting HTV from copying and distributing the copy of the videotape in its possession is hereby vacated. Furthermore, the trial court's order compelling destruction of all other copies of the videotape is likewise vacated. All costs of this appeal, in the amount of $753.00, are taxed one-half to the State of Louisiana, District Attorney's Office, and one-half to the Terrebonne Parish School Board.
REVERSED AND RENDERED.