Dear Mr. Browning:
You present two questions to this office for our legal analysis and response. First, you ask whether the West Feliciana Parish Tourist Commission is required by law to publish its minutes in the official journal of the parish.
R.S. 43:141 states the "police juries, city and parish councils. . . . shall select a newspaper as official journal for their respective parishes, towns, or cities for a term of one year." R.S. 43:171 has a similar publication requirement applicable to the official journals of other political subdivisions. R.S. 43:171 states "political subdivisions of the state . . . shall have the proceedings of their board and such financial statements required by and furnished to the legislative auditor published in a newspaper." R.S. 43:171 further elaborates on the requirements concerning the selection of that newspaper. "Other political subdivisions" are those state and parish political subdivisions that are not police juries, city and parish councils, municipal corporations and school boards. See Times Picayune Pub. Corp. vs City ofNew Orleans, 760 So.2d 375 (La.App. 4th Cir. 2000).
R.S. 43:171 is applicable to the West Feliciana Parish Tourist Commission (the Commission) because R.S. 33:4574(A)(2) and R.S. 33:4574(F) concerning the creation of tourist commissions designate the commission to be a political subdivision of the state. R.S. 33:4574(A)(2)(kk) states:
 (2) Pursuant to Article VI, Section 19 and 30 of the Constitution of Louisiana, the following commissions and bureaus, hereafter collectively referred to in this Chapter as "tourist commissions" or "commissions", are hereby specifically created as special districts or commissions. Each such commission shall be a body politic and corporate and a political subdivision of the state of Louisiana, composed of the following territory:
 * * * *
 (kk) West Feliciana Parish Tourist Commission composed of all the territory in West Feliciana Parish.
 Within R.S. 33:4574(F) the statute also provides "the commissions provided for in Paragraph A (2) of this Section shall be construed to be political subdivisions of the state."
R.S. 33:4574(A)(3) further empowers the Commission with the "rights, powers, and duties . . . provided . . . in any local, special or general law for a particular commission." Thus, we consider the publication requirement of R.S. 43:171 to be mandatory with respect to the Commission as a political subdivision of the state. Since the Commission is authorized to select its own newspaper, it could conceivably select a newspaper which is not the official journal of the parish. Thus, the commission is not bound to publish in the official journal of the parish; however, as a practical matter, it may well be the only choice which meets the requirements of the statute.
In response to your second question, the Commission is required to keep notes, tapes, and minutes related to public meetings for a period of at least three years from the date on which the public record was made. R.S. 44:36 provides, in pertinent part:
 § 36. Preservation of records
 A. All persons and public bodies having custody or control of any public record, other than conveyance, probate, mortgage, or other permanent records required by existing law to be kept for all time, shall exercise diligence and care in preserving the public record for the period or periods of time specified for such public records in formal records retention schedules developed and approved by the state archivist and director of the division of archives, records management, and history of the Department of State. However, in all instances in which a formal retention schedule has not been executed, such public records shall be preserved and maintained for a period of at least three years from the date on which the public record was made. However, where copies of an original record exist, the original alone shall be kept; when only duplicate copies of a record exist, only one copy of the duplicate copies shall be required to be kept. Where an appropriate form of the microphotoraphic process has been utilized to record, file, and otherwise preserve such public records which microforms produced in compliance with the provisions of R.S. 44:415, the microforms shall be deemed originals in themselves, as provided by R.S. 44:39(B), and disposition of original documents which have been microphotographically preserved and of duplicates an other copies thereof shall proceed as provided in R.S. 44:411. (Emphasis added).
Notes and tapes are generally considered "public record" as defined by R.S. 44:1(2) providing:
(2) All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records," except as otherwise provided in this Chapter or as otherwise provided in this Chapter or as otherwise specifically provided by law.
See also State vs. Mart, 697 So.2d 1055 (La. 1997) (holding that a videotape made on a public school bus is public record) and Edwards vs.Daugherty 729 So.2d 1112 (La.App. 3rd Cir. 1999) (holding that radio tapes and handwritten notes of deputy sheriff are public records.)
We hope the foregoing is helpful to you. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date received: Date released: July 11, 2001
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL