879 So.2d 250 (2004)
ANGELO IAFRATE CONSTRUCTION, L.L.C. and Edward L. Leonard
v.
STATE of Louisiana Through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. 2003 CA 0892.
Court of Appeal of Louisiana, First Circuit.
May 14, 2004.
*252 Murphy J. Foster, III, John T. Andrishok, Breazeale, Sachse & Wilson, L.L.P., Baton Rouge, for Plaintiffs-Appellees Angelo Iafrate Construction, L.L.C. and Edward L. Leonard.
Lawrence A. Durant, Baton Rouge, for Defendant-Appellee Louisiana Department of Transportation & Development.
Louis L. Robein, Jr., Karen M. Torre, Robein, Urann & Lurye, Metairie, for Intervenor-Appellant International Union of Operating Engineers, Local 406.
Before: CARTER, C.J., PARRO, and GUIDRY, JJ.
PARRO, J.
The intervenor in this Public Records Act case, the International Union of Operating Engineers, Local 406 (the union), appeals a judgment preliminarily and permanently enjoining the State, through the Department of Transportation and Development (DOTD), from disclosing to the union or any other person or entity the names, addresses, and social security numbers in certified payroll records submitted to DOTD by Angelo Iafrate Construction, L.L.C. (Iafrate) concerning its employees. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND
Iafrate is a general contractor for a number of federally funded state highway construction projects owned by DOTD. As such, Iafrate must submit periodic certified payroll information to DOTD to ensure compliance with the Davis-Bacon Act,[1] a federal law designed to protect *253 workers by guaranteeing them minimum wages based on local prevailing wage rates. The payroll information must contain the Iafrate employees' names, addresses, social security numbers, job classifications, hourly wage rates, number of hours worked daily and weekly, deductions, and actual wages. The union made a public records request for Iafrate's payroll records on one of the projects, and DOTD agreed to provide all the information requested except the names, addresses, and social security Information of the Iafrate employees.[2] The union reiterated its request, and Iafrate feared DOTD might release the information. This suit was filed against DOTD by Iafrate and one of its employees, Edward L. Leonard, seeking to enjoin DOTD from providing Iafrate's complete payroll information to the union; the union intervened to assert its right to acquire that information. Although Iafrate and Leonard are the nominal plaintiffs and DOTD the nominal defendant, their positions in this litigation are actually aligned in opposition to the union's request.
After a hearing, the court granted the motion for a preliminary injunction and the petition for preliminary and permanent injunctions.[3] In granting the injunctive relief, the court found that the privacy concerns of the employees far outweighed any public interest in the information. The court also found DOTD had enforcement and investigatory responsibilities under the Davis-Bacon Act and therefore could rely on the provisions of LSA-R.S. 44:4(3), which exempts from disclosure any records in the custody of a state agency whose duties are to investigate, manage, or liquidate the business of any private corporation in this state, when the records pertain to that corporation's business and are in their nature confidential.
The union contends in this appeal that the trial court erred in: (1) engrafting a balancing test on the public records law; (2) finding that an individual worker on a certified payroll has a privacy interest in his or her name and address that outweighs the public interest in being able to ensure compliance with the Davis-Bacon Act; and (3) applying the investigatory document exemption of LSA-R.S. 44:4(3) to the payroll records requested. As pointed out to this court by Iafrate, this case appears to be res nova, as no Louisiana case has evaluated competing interests in connection with public records requests seeking disclosure of the Davis-Bacon Act payroll information.

APPLICABLE LAW

Public Records Act
Article XII, Section 3 of the Louisiana Constitution provides that no person shall be denied the right to examine public documents, except in cases established by law. This constitutional provision has been codified in the Public Records Act, LSA-R.S. 44:1, et seq. (the Act), which includes in its definition of "public records" all documentary materials "having been used, being in use, or prepared, possessed, or retained for use" in the performance of any function under the authority of the constitution or laws of this state by a public body. LSA-R.S. 44:1(A)(2)(a). Louisiana Revised Statute 44:31 states:

*254 A. Providing access to public records is a responsibility and duty of the appointive or elective office of a custodian and his employees.
B. (1) Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter any person of the age of majority may inspect, copy or reproduce, or obtain a reproduction of any public record.
(2) The burden of proving that a public record is not subject to inspection, copying, or reproduction shall rest with the custodian.
The legislature, by the Act, sought to guarantee, in the most expansive and unrestricted way possible, the right of the public to inspect and reproduce those records which the laws deem to be public. There was no intent on the part of the legislature to qualify, in any way, the right of access. As with the constitutional provision, the Act should be construed liberally, and any doubt must be resolved in favor of the right of access. Landis v. Moreau, 00-1157 (La.2/21/01), 779 So.2d 691, 694-95. Louisiana Revised Statute 44:32(B) recognizes that portions of the requested material may be nonpublic records and allows the custodian the option to separate that portion from the requested material. Elliott v. District Attorney of Baton Rouge, 94-1804 (La.App. 1st Cir.9/14/95), 664 So.2d 122, 125-26, writ denied, 95-2509 (La.12/15/95), 664 So.2d 440.
The right of access to public records is fundamental; therefore, access may be denied only when the law specifically and unequivocally denies access. Hilliard v. Litchfield, 01-1987 (La.App. 1st Cir.6/21/02), 822 So.2d 743, 746. All exceptions, exemptions, and limitations to the laws pertaining to public records and their disclosure pursuant to the Act must be provided for in the Act or in the Louisiana Constitution. See LSA-R.S. 44:4.1. A public employee may request that his home telephone number and home address remain confidential. LSA-R.S. 44:11(A)(2) and (3). The public employee's social security number, medical records, and the name and account number of any financial institution to which his wages or salary are directly deposited shall be confidential. LSA-R.S. 44:11(C) and (D). Under LSA-R.S. 44:4(3), the Act does not apply:
To any records, writings, accounts, letters, letter books, photographs or copies thereof, in the custody or control of any officer, employee, agent or agency of the state whose duties and functions are to investigate, examine, manage in whole or in part, or liquidate the business of any private person, firm or corporation in this state, when the records, writings, accounts, letters, letter books, photographs or copies thereof, pertain to the business of the private person, firm or corporation, and are in their nature confidential.
Any exemption to the Act is in derogation of the public's right to be reasonably informed and must be narrowly interpreted. Times Picayune Pub. Corp. v. Board of Sup'rs of Louisiana State Univ., 02-2551 (La.App. 1st Cir.5/9/03), 845 So.2d 599, 605, writ denied, 03-1589 (La.9/5/03), 852 So.2d 1044.
Under LSA-R.S. 44:35(A), any person who has been denied the right to inspect or copy a record under the provisions of the Act may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, attorney fees, costs, and damages. If the person seeking the right to inspect or to obtain a copy of a public record prevails in such suit, he shall be awarded reasonable attorney fees and other costs of litigation. If such a person prevails in part, the court *255 may in its discretion award reasonable attorney fees or an appropriate portion thereof. LSA-R.S. 44:35(D). If the party requesting enforcement of the Act is required to appeal the action of the trial court, that party, if successful, is entitled to an award of additional attorney fees for prosecuting the appeal. Thornton v. Dep't of Public Safety, 536 So.2d 595, 597-98 (La.App. 1st Cir.1988).

Confidentiality/Right to Privacy
Article I, Section 5 of the Louisiana Constitution expressly prohibits unreasonable invasions of privacy. The right to privacy in Louisiana has been described as the right to be let alone and to be free from unnecessary public scrutiny. Capital City Press v. East Baton Rouge Parish Metro. Council, 96-1979 (La.7/1/97), 696 So.2d 562, 566. The right to privacy protects varied interests from invasion. Among the interests protected is the individual's right to be free from unreasonable intrusion into his seclusion, solitude, or private affairs. The right is not absolute; it is qualified by the rights of others. The right to privacy is also limited by society's right to be informed about legitimate subjects of public interest. Id.
In ascertaining whether individuals have a reasonable expectation of privacy that is constitutionally protected, a court must determine not only whether the individual has an actual or subjective expectation of privacy, but whether that expectation is also of a type which society at large is prepared to recognize as being reasonable. Local 100, Service Employees' Int'l Union v. Forrest, 95-1954 (La. App. 1st Cir.5/10/96), 675 So.2d 1153, 1156, writ denied, 96-1499 (La.9/20/96), 679 So.2d 441. When a request for public records is at issue, the custodian or the individual claiming the privacy right must prove that there is a reasonable expectation of privacy against disclosure of the information to a person entitled to access to the public information. If, and only if, a reasonable expectation of privacy is found, the court must weigh or balance the public records disclosure interest against the privacy interest. Webb v. City of Shreveport, 371 So.2d 316, 319 (La.App. 2nd Cir.), writ denied, 374 So.2d 657 (La.1979). In Webb, a union representative sought to obtain the names and addresses of a city's employees. The city asserted the employees' privacy interests in an effort to shield the information from disclosure; however, the court found the city employees did not have a reasonable expectation of privacy against governmental disclosure of their names and addresses. Because the Webb court found there was no reasonable expectation of privacy in the names and addresses of public employees, it did not engage in a balancing test and held that Louisiana law mandated disclosure of the information.[4]Local 100, 675 So.2d at 1156-57.
Applying the balancing test in the Local 100 case, this court addressed a union's public records request to the Louisiana Department of Health and Hospitals (DHH) for a list of the names and addresses of all certified nurse's aides, which information was maintained by DHH to comply with federal law. This court ordered the disclosure, finding there was no reasonable expectation of privacy in the names and addresses of public or private *256 employees and no specific exemption in the public records act that justified withholding the information. Local 100, 675 So.2d at 1157.
In the Capital City Press case, the Louisiana Supreme Court found no specific exemption shielding applications for public employment from disclosure under the Act, nor any reasonable expectation by the applicants that their applications would remain private. Because there was no constitutionally protected privacy interest, there was no need to apply a balancing test. Capital City Press, 696 So.2d at 567. The court summarized its conclusions, stating:
Because employment applications for public employment have not been exempted from the public records law by statute, and both the constitution and statutory law require such legislative action, and because the resumes at issue have not been shown to contain facts which would expose the applicants to public disgrace or would intrude upon the applicants' seclusion, solitude, or private affairs, all such applications, regardless of the responsibilities of the job at issue, are accessible under La. R.S. 44:31. In sum, under existing Louisiana law, the applicants for public employment have no right of privacy in their resumes.
Id. at 568-69. In reaching this conclusion, the court distinguished this situation from similar cases seeking information under the federal Freedom of Information Act (FOIA), 5 U.S.C.A. § 552, which has a specific exemption in 5 U.S.C.A. § 552(b)(6) (Exemption 6), shielding personnel files.[5]
Exemption 6 was a key factor in many of the cases from federal courts cited to this court by Iafrate and DOTD. See, e.g., U.S. Dept. of Defense v. Federal Labor Relations Auth., 510 U.S. 487, 114 S.Ct. 1006, 127 L.Ed.2d 325 (1994); Sheet Metal Workers Int'l Ass'n, Local Union No. 19 v. U.S. Dep't of Veterans Affairs, 135 F.3d 891 (3rd Cir.1998); Sheet Metal Workers Int'l Ass'n, Local No. 9 v. U.S. Air Force, 63 F.3d 994 (10th Cir.1995); Painting Industry of Hawaii Market Recovery Fund v. U.S. Dep't of Air Force, 26 F.3d 1479 (9th Cir.1994). In those and other cases, the courts determined that Exemption 6 shielded certain information concerning employees from disclosure under the FOIA. Although there is no similar exemption in the Act or in any other Louisiana statute for the employees of private companies, Article I, Section 5 of the Louisiana Constitution is similar to Exemption 6 in prohibiting any unreasonable invasions of privacy, and the Act recognizes that constitutional limitations might exempt certain information from disclosure. Therefore, the federal cases can be instructive in their analysis of the privacy interests of individuals vis-à-vis the public's right to know.
In the U.S. Dep't of Defense case, the Federal Labor Relations Authority had directed federal agencies to provide unions with the home addresses of agency employees represented by unions. In reversing this direction, the Court found that employees had an interest in the confidentiality of their home addresses, which, however slight that interest might be, was not outweighed by the "virtually non-existent FOIA-related public interest in disclosure" of that information. U.S. Dep't of Defense, 114 S.Ct. at 1015. The Court noted that a specific federal statute, the *257 Privacy Act,[6] shielded all such records from disclosure unless mandated by the FOIA. Id. at 1014. The Court also emphasized that the identity or specific purpose of the party requesting the information was immaterial;[7] if a court concluded that the general public interest in disclosure outweighed the individual's privacy interest and made the information available to one party making a FOIA request, that information would have to be provided to anyone who asked, regardless of the intent or motive of the party seeking the information. Id. at 1015-16.
The Sheet Metal Workers cases, like the case before this court, involved unions' FOIA requests for private contractors' employees' certified payroll records, which were provided to public entities in order to comply with the Davis-Bacon Act. Sheet Metal Workers, Local No. 9, 63 F.3d 994; Sheet Metal Workers, Local No. 19, 135 F.3d 891. In both cases, the courts found that employees of private contractors performing federal construction projects had substantial privacy interests in the personal financial information linked to their names and addresses. These interests far outweighed the generally recognized public interest underlying the FOIA's disclosure provisions, that being to provide understanding of the operations or activities of the government, as this interest would not be served by disclosing this information. Sheet Metal Workers, Local No. 9, 63 F.3d at 997-98; Sheet Metal Workers, Local No. 19, 135 F.3d at 903-04.
A similar analysis and result was obtained in the Painting Industry case, in which, concerning the names, addresses, job classifications, and particularized wage information, the court noted that "[i]t cannot be disputed that this information is normally considered private." Painting Industry, 26 F.3d at 1483. Like the Supreme Court, the Ninth Circuit court also emphasized that if such information were made available to people engaged in the construction trade, that information would also have to be available to anyone else who made a request under the FOIA. Id. at 1482-83.

ANALYSIS
Unlike the employees whose records were sought under the FOIA, there is no Louisiana Privacy Act or Exemption 6 shielding such information regarding employees of private companies. Therefore, the protection for the employees' right to privacy must be found in a specific exemption within the Act or in Article I, Section 5 of the Louisiana Constitution. The specific exemption cited by the trial court is in LSA-R.S. 44:4(3), under which records "in their nature confidential" and in the custody of a state agency whose duties and functions are to investigate, examine, manage in whole or in part, or liquidate the business of any private person, firm, or corporation, are exempt from the Act. Iafrate and DOTD contend, and the district court found, that this exemption applied to the certified payroll records in this case, because DOTD uses those records to "investigate" and "manage" Iafrate's compliance with the Davis-Bacon Act.
This exemption has not been addressed in this context before, so this court has little guidance on its intended application. However, exemptions to the Act are *258 to be narrowly construed, and we do not believe this provision was intended to have such a broad scope that it would cover the situation before us. The primary function of DOTD is not investigatory, nor is it generally involved in managing or liquidating a business; these are the duties and functions generally assigned to an auditor, receiver, trustee, or liquidator. From a simple reading of the Act, it appears this provision was intended to shield a private entity's trade secrets and similar proprietary data from disclosure when that entity puts its records under the control of a public agency whose primary duty and function is investigating wrongdoing, examining records, issuing licenses, managing a faltering business, or liquidating a business. See La. Atty. Gen. Op. No. 00-36. This interpretation is reinforced by reading this provision in pari materia with the other provisions in LSA-R.S. 44:4, many of which exempt from the Act private records submitted to licensing boards, professional examiners, auditors, financial institutions, and the like, as well as specifically protecting financial and trade secrets, confidential mineral exploration data, technical research data, and similar proprietary information. We conclude, therefore, that the trial court erred in relying on LSA-R.S. 44:4(3) as a basis for enjoining disclosure of the certified payroll information in this case.
However, our inquiry does not end there. We must also address whether a private contractor's employees have a constitutionally protected right to privacy in their names and addresses, when linked to their job classifications, hourly wage rates, number of hours worked daily and weekly, deductions, and actual wages. In considering this issue, we will address the union's other two assignments of error, those being that the trial court erred in engrafting a balancing test on the public records law and in finding that an individual worker on a certified payroll has a privacy interest in his or her name and address that outweighs the public interest in being able to ensure compliance with the Davis-Bacon Act.
We note first that the trial court did not err in using a balancing test. The law is clear that once a constitutionally protected right to privacy is found, that right must then be balanced against the public's right of access to information in the public records. Admittedly, the trial court did not make a finding that the employees' privacy interests met the test stated by this court in the Local 100 case,[8] before balancing those interests against the public interest, as the Webb case requires.[9] The appellate court criticized the lower court in Webb for failing to determine the threshold issue of reasonable expectation and going directly to the weighing or balancing of interests, although impliedly perhaps finding that the claimants' expectation of privacy was reasonable. Webb, 371 So.2d at 319. A similar observation is appropriate in this case. Although the trial court did not err in using a balancing test, it perhaps erred in applying the test without first analyzing whether the employees' privacy interests were constitutionally protected. Therefore, this court must evaluate the issue to determine first whether the employees *259 have a subjective expectation of privacy in the certified payroll information, and whether that expectation is objectively reasonable. Any balancing of interests is dependent upon this initial finding.
In support of its contention that its employees consider their wage information private and confidential, Iafrate submitted an excerpt from its employee handbook, which states:
All information in employee personnel files is considered confidential. This information will only be available to the Human Resources Department, the Safety Director, the Claims Manager, the employee, officers of the company, and supervisors or managers who are responsible for the employee.
The handbook also contained another assurance that personnel files would be "treated the same as any other confidential company information," but included a caveat that "[it] is also possible federal, state, and local agencies may have access to employee personnel files in certain situations." The affidavit of Bret M. Willuhn, Iafrate's Senior Vice-President, certified that these statements were included in Iafrate's handbook and that each employee had to acknowledge in writing his receipt and review of the handbook, as well as his acceptance of its provisions. Edward L. Leonard's affidavit was also submitted, in which he referred to the confidentiality provisions of the handbook and averred that he "has at no time consented to and he does oppose the dissemination of the personal and confidential information contained in [Iafrate's] certified payrolls ...." He further averred that other Iafrate employees, constituting a "vast majority of the employees," had expressed to him similar opposition to disclosure of the certified payroll information. DOTD submitted the affidavit of its EEO/Labor Officer, Construction for the State of Louisiana, Gene McArdle, who stated:
"[T]he social security numbers, names and addresses represent records of a personal and confidential nature, the disclosure of which would not advance the enforcement of the provisions of the Davis-Bacon Act by third persons. Davis-Bacon compliance can be confirmed by reviewing the wage history along with the particular employee job classification. Names, addresses, and social security numbers are not necessary to confirm Davis-Bacon Act compliance.
McArdle further stated that the United States Department of Labor had informed him that DOTD is not to disclose certified payroll records without first redacting the names, addresses, and social security numbers. He opined that the disclosure of this personal and confidential information would implicate the privacy rights of the individual employees.
Clearly, under established Louisiana jurisprudence, private employees' names and addresses in the custody of a public agency are not afforded constitutional protection when disclosure is sought under the Act. Local 100, 675 So.2d at 1157. As several cases have noted, such information is available in the telephone book  and we note it is now generally available also on the internet. Moreover, the linkage of names and addresses with the fact of employment by a particular employer has also not been afforded constitutional protection. Id. However, when those names and addresses are coupled with those employees' hourly wages, hours worked, deductions, and net paycheck amounts, a qualitatively different type of information is involved. In evaluating the employees' interest in maintaining the confidentiality of such information, we must keep in mind that if the information must be made available to the *260 union, which certainly has a legitimate interest in organizing the employees, it must also be made available to anyone else who seeks access to it under the Act, regardless of the legitimacy or illegitimacy of the seeker's purpose in obtaining that information. Thus, marketing entities could obtain names and addresses, as well as income information, for target marketing of the employees at their homes. More disturbing is the possibility that someone, intent on committing crimes against persons or property and knowing these employees' income levels and home addresses, could target them for criminal activity. The identity and purpose of the person seeking the information is immaterial if there is no constitutionally protected privacy interest to shield it from disclosure.
We conclude that Iafrate established, by a preponderance of the evidence, that its employees have an expectation of privacy in the certified payroll information. Moreover, we find that their expectation of privacy in this detailed personal financial information, coupled with their names and home addresses, is of a type that society at large is prepared to recognize as being reasonable.
We must proceed to the next step in the analysis and weigh or balance the public records disclosure interest against the privacy interests.[10] In so doing, we keep in mind that DOTD has offered to release all of the certified payroll information with the identifying information removed. This disclosure would enable the recipient, in this case, the union, to determine whether Iafrate is in compliance with the Davis-Bacon Act and whether DOTD is properly monitoring that compliance. Therefore, the issue is whether there is some other public interest in obtaining the names, addresses, and particularized wage information about employees of a private company performing work on public projects, and whether that public interest is sufficiently compelling to override the employees' privacy rights. The purpose of the Act is to keep the public reasonably informed about how public bodies conduct their business and how the affairs of government are handled. The public body involved in this case is DOTD; its business is the building and maintenance of public highways, bridges, and other transportation infrastructures and facilities. The public's interest in DOTD's records is to ensure that those activities are effectively accomplished for the public's convenience and safety at the most reasonable price and in compliance with applicable laws. We fail to discern in this regard any public interest that would be served by the disclosure of the complete certified payroll information concerning the employees of a private contractor working on DOTD projects. Accordingly, we conclude the employees' right to privacy concerning their personal particularized wage information outweighs any public interest there might be in disclosure of that information linked to the employees' names and addresses.[11]

CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. All costs of this *261 appeal are assessed to the International Union of Operating Engineers, Local 406.
AFFIRMED.
CARTER, J., concurs in the result.
GUIDRY, J., dissents and assigns reasons.
GUIDRY, J., dissenting.
In affirming the judgment of the trial court, the majority carefully bootstraps exceptions and exemptions found in federal statutes to shore up perceived gaps in the Louisiana Public Records Act, La. R.S. 44:1-41 (the Act)  a task better left to the legislative branch. As noted by the majority, the Act does not expressly exempt from disclosure the names and addresses of private employees working on a federally funded, state highway construction project.
The right of access to public records is fundamental; therefore, access may be denied only when the law specifically and unequivocally denies access. Williams Law Firm v. Board of Supervisors of Louisiana State University, 03-0079, p. 5 (La. App. 1st Cir.4/2/04), 878 So.2d 557, 562. Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right to see. To allow otherwise would be an improper and arbitrary restriction on the public's constitutional rights. Times Picayune Publishing Corporation v. Board of Supervisors of Louisiana State University, 02-2551, p. 7 (La.App. 1st Cir.5/9/03), 845 So.2d 599, 605, writ denied, 03-1589 (La.9/5/03), 852 So.2d 1044. Laws providing for the examination of public records must be liberally interpreted to extend rather than restrict access to public records. Skamangas v. Stockton, 37,996, p. 6 (La.App. 2nd Cir.3/5/04), 867 So.2d 1009, 1013.
Judicial decisions are not intended to be an authoritative source of law in Louisiana; they are secondary to legislation. See A.N. Yiannopoulos, Louisiana Civil Law System § 35, p. 53 (1977); Doerr v. Mobil Oil Corporation, 00-0947, p. 13 (La.12/19/00), 774 So.2d 119, 128. Louisiana Revised Statute 44:4.1(A) expressly states "the legislature declares that all exceptions, exemptions, and limitations to the laws pertaining to public records shall be provided for in this Chapter or the Constitution of Louisiana."
In this case, the legislature, in its abundant wisdom, chose not to exempt from disclosure the names and addresses of private employees working on public projects. As noted by the majority, La. R.S. 44:11(A)(3) only designates the home address of public employees of any public body as confidential; there is no similar provision for private employees working on public projects. Nor am I persuaded that private employees who work on public projects have a reasonable expectation of privacy with respect to the disclosure of this information, in conjunction with the employees' job classifications, hourly wage rates, number of hours worked daily and weekly, deductions and actual wages paid. Excepting those employees who request that their home address be kept confidential pursuant to La. R.S. 44:11(A)(3), such information is subject to disclosure for public employees under the Act. See La. R.S. 44:1(A)(2)(a).
The public has a fundamental right to view this information in order to evaluate whether their tax dollars are being spent wisely. Therefore, I respectfully dissent from the majority's opinion in this matter.
NOTES
[1] 40 U.S.C.A. §§ 3141-3148.
[2] The union's letter requesting the payroll records stated the union did not seek disclosure of the social security numbers and understood that DOTD would delete that information.
[3] The parties stipulated the hearing would determine Iafrate's right to both the preliminary and permanent injunctions and that the issue could be decided by the court on the basis of documents, briefs, and oral argument, without the necessity of live testimony.
[4] The Act has since been amended, and in effect, legislatively overruled Webb v. City of Shreveport in part. As noted above, LSA-R.S. 44:11(A)(2) and (3) now exempt the home address and telephone number of any public employee who requests that such information be kept confidential. See also Local 100, Service Employees, Int'l Union v. Smith, 36,454 (La.App. 2nd Cir.10/23/02), 830 So.2d 417, writ not considered, 02-2858 (La.1/31/03), 836 So.2d 75. There is no similar provision for private employees.
[5] Exemption 6 states that the FOIA does not apply to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C.A. § 552(b)(6).
[6] The Privacy Act states, in part, that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, ... unless disclosure of the record would be required under section 552 of this title [FOIA]" or unless prior written consent to disclosure was given by the party whose records were sought. 5 U.S.C.A. § 552a(b)(2).
[7] Id. at 1013.
[8] "[A] court must determine not only whether the individual has an actual or subjective expectation of privacy, but whether that expectation is also of a type which society at large is prepared to recognize as being reasonable." Local 100, 675 So.2d at 1156.
[9] "If a reasonable expectation of privacy is found, then and only then, need we weigh or balance the public records or documents disclosure interest against the privacy interest...." Webb, 371 So.2d at 319.
[10] A compelling analysis of the juxtaposition of the two Louisiana constitutional provisions  the right of privacy and the public's right of access to information  along with protections of names and addresses in the federal statutes and jurisprudence, is found in La. Atty. Gen. Op. No. 01-435.
[11] We recognize the irony of this conclusion, in that if the union had sought just the names and addresses of the employees, which is probably the information it is most interested in, there would not have been any protected privacy interest in that information under the established jurisprudence.