Dear Ms. Lopez:
Our office received an opinion request from you regarding disclosure of data provided by the Office of Community Development ("OCD") in the implementation of the Community Development Block Grants Disaster Recovery Programs. More specifically, your letter asks:
 1) Whether compliance with confidentiality of records required by the OCD, pursuant to the Privacy Act of 1974 (5 U.S.C. § 552a)[1] conflicts with the Louisiana Public Records Act (La.R.S. 44:1 et seq.), and
 2) In the event of any conflict, whether the provisions of the Privacy Act of 1974 ("Privacy Act") supersede the provisions of the Louisiana Public Records Act.
These questions are raised by a proposed Memorandum of Understanding between Jefferson Parish and the OCD. It is our understanding that the data required by the OCD to be kept confidential is information provided by individuals who have been guaranteed that particular personal information will be kept confidential. This confidential information may be exempt from disclosure, even though it may otherwise appear to qualify as a public record.
The right of access to public information is guaranteed by La.Const. art. 12, § 3, which provides, "[n]o person shall be denied the right to observe the deliberations of public *Page 2 
bodies and examine public documents, except in cases established by law." Louisiana Public Records law contains enumerated exceptions to the required disclosure of public records. Additionally, information that would otherwise be considered public record may be exempt from release due to a state constitutional provision protecting an individual's right to privacy. Trahan v. Lanvee, 365 So.2d 294, 299 (La.App. 3 Cir. 1978). "Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy." La.Const. art. 1, § 5.
In determining the validity of a claim to a constitutionally protected right to privacy,
 A court must determine not only whether the individual has an actual or subjective expectation of privacy, but whether that expectation is also of a type which society is prepared to recognize as reasonable.[2]
When a request for public records is at issue, the custodian or the individual claiming the privacy right must prove that there is a reasonable expectation of privacy against disclosure of the information to a person entitled to access to the public information. If, and only if, a reasonable expectation of privacy is found, the court must weigh or balance the public records disclosure interest against the privacy interest.[3] The balancing of these competing interests is done on a case-by-case basis given the particular facts and circumstances of each case that impact those interests.[4]
East Bank Consolidated Special Service Fire Protection District v.Crossen, 04-838 (La.App. 5 Cir. 12/28/04), 892 So.2d 666, 669.
Concerning a federal request for information, and protection afforded to individuals by virtue of the Privacy Act, the Eleventh Circuit discussed the balance of public and privacy interests in relation to the disbursement of disaster relief funds in News-Press v. U.S. Dept. ofHomeland Security. 489 F.3d 1173 (11th Cir. 2007). Where newspapers sought names and addresses of recipients of disaster relief funds in Florida after four hurricanes caused extensive damage throughout the state, and allegations of fraud surfaced, the court ruled that the addresses were subject to release while the names of applicants were protected. Id. Agreeing with News-Press, the court found that "the public has a powerful interest in knowing whether FEMA appropriately handled disaster relief claims, and that the addresses where alleged damage occurred are necessary to *Page 3 
determine whether aid was in fact disbursed to those who suffered disaster relief." Id. at 1192. The court emphasized the importance of access to information in disaster response by stating:
 The public interest in evaluating the appropriateness of FEMA's response to disasters is not only precisely the kind of public interest that meets the FOIA's core purpose of shedding light on what the government is up to; the magnitude of this public interest is potentially enormous.
Id. at 1206. As to revealing the identities of recipients, the court determined "the names are not necessary to determine the extent of fraud against FEMA." Id. at 1205. Although this case concerns interpretation of provisions of federal information and the Privacy Act, which do not apply to a Memorandum of Understanding between state bodies, the purpose of the acts and balancing of public and private interests are similar.
It is our understanding that information gathered through the Road Home Program, which is included in the data to which the Memorandum of Understanding pertains, is provided by individuals with the agreement that particular personal information will remain confidential. When certain personal information is provided to the OCD with the promise of confidentiality, the person submitting the data has an expectation of privacy. The public has a legitimate interest in disclosure of how disaster funds are being managed and disbursed, but disclosure of an individual's private information is not essential to showing the public how funds are being managed, as demonstrated by the News-Press case. If Jefferson Parish maintains confidentiality of information provided by individuals with a reasonable expectation of privacy, this will not violate the Louisiana's Public Records Act.
You also inquired as to which law would supersede in the event of a conflict between the Privacy Act and Louisiana Public Records Law. As explained below, a conflict will not occur between the two areas of law, as the former applies to federal agencies and the latter applies to Louisiana public bodies.
The Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, only apply to federal agencies.[5] Agencies are defined as including "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the [federal] Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552a(1) (incorporating 5 U.S.C. § 552(f) (2000), which in turn incorporates 5 U.S.C. § 551(1) (2000)). *Page 4 
In a case before the Ninth Circuit, where federal funding was involved and a public request for information was made to a state agency under FOIA, the court specified the involvement necessary for an entity to qualify as an agency:
 Federal funding reaches a countless number of activities of local and state governments. To assure that the federal funds are spent for the purposes for which they were intended, extensive federal regulations are promulgated and must be complied with. However, those regulations do not convert acts of local and state governmental bodies into federal governmental acts. [Citation omitted.] `Extensive, detailed and virtually day-to-day supervision' by the federal government is needed before `agency' status could be said to attach. [Citation omitted].
St. Michael's Convalescent Hospital v. State of California, 643 F.2d 1369,1374 (9th Cir. 1981).
Addressing the question of preemption between a state's public records law and federal law, and specifically rejecting the notion of conflict preemption, the Washington Supreme Court stated:
 FOIA applies by its terms only to federal agencies. [citation omitted]. Indeed, given its explicit definition of "agency", FOIA may be said to expressly decline preemptive effect. [. . .] The FOIA is a federal statutory enactment imposing federal burdens on federal agencies. State and local governmental bodies are not covered, as they are not federal agencies. [. . .] Moreover, because FOIA simply does not apply to state agencies, there can be no federal-state conflict of the kind that gives rise to conflict preemption.
Progressive Animal Welfare Society v. University of Washington, 125 Wash.2d 243, 265-266, 888 P.2d 592 (Wash. 1995).
FOIA, like the Louisiana Public Records Act, protects the right of access to public records, but applies on a federal rather than state level. FOIA and the Louisiana Public Records Act are not identical in nature, but they both contain provisions for providing public access to how the government conducts its affairs. Similar to the Louisiana constitutional right to privacy, the Privacy Act aims to protect private information maintained by government agencies, while still maintaining a policy of open access to information. See exception to the Privacy Act in 5 U.S.C. § 552a(b)(2), exempting from the Privacy Act information subject to disclosure under FOIA.
In summary, it would not be a violation of the Louisiana Public Records Act to maintain confidentiality of personal information in accordance with the Privacy Act, as required by the OCD. When personal information is provided by an individual to an entity such as the OCD with the promise of confidentiality, an expectation of privacy is established. *Page 5 
The public interest at stake contained in the records of the ODC can be served without compromising confidential information. Additionally, there can be no conflict between the provisions of the Privacy Act and the Louisiana Public Records Act since the two bodies of law cannot apply to the same entities. Louisiana public bodies are subject to the Louisiana Public Records Act, and must release public records not exempted from disclosure, unless an individual has a reasonable expectation of privacy in that information, and then a court will balance the public and private interests.
We hope that this opinion has adequately addressed the legal issues that you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _________________________
 Emalie A. Boyce
 Assistant Attorney General
 CCF, Jr.: EAB
[1] The request referred to the Privacy Act of 1974 and cited 5 U.S.C. § 522a. Our office assumes this was meant to refer to the Privacy Act of 1974, 5 U.S.C. § 552a.
[2] Citing Angelo lafrate Const., LLC v. State, DOTD, 03-0892 (La.App. 1 Cir. 5/14/04), 879 So.2d 250, 255, writ denied 04-1442 (La. 9/24/04), 882 So.2d 1131; Local 100, Service Employees, International Union v.Smith, 36,454 (La.App. 2 Cir. 10/23/02), 830 So.2d 417, writ notconsidered, 02-2858 (La. 1/31/03), 836 So.2d 75.
[3] Citing Angelo lafrate Const., LLC, supra 879 So.2d 250; Webb v.City of Shreveport, 371 So.2d 316, 319 (La.App. 2 Cir. 1979), writdenied, 374 So.2d 657 (La. 1979).
[4] Citing Broderick v. State, Dept. of Environ., 00-0156 (La.App. 1 Cir. 5/12/00), 761 So.2d 713, 715, writ denied 00-1714 (La. 9/15/00), 768 So.2d 1284.
[5] "The Privacy Act — like the Freedom of Information Act,5 U.S.C. § 552 — applies only to a federal `agency' . . . State and local government agencies are not covered by the Privacy Act." United States DOJ Privacy Act Overview (May 2004);http://www.usdoj.gov/oip/04_7_1.html. See also Perez-Santos v. Malave,23 Fed. Appx. 11, 12 (1 Cir. 2001) (per curiam); Dittman v.California, 191 F.3d 1020, 1026 (9th Cir. 1999); Polchowski v. Gorris,714 F.2d 749, 752 (7th Cir. 1983).