Dana POLCHOWSKI, Plaintiff-Appellant,

v.

Melbourne GORRIS, Defendant-Appellee.

No. 83–1075.

United States Court of Appeals,
Seventh Circuit.

Argued June 2, 1983.

Decided Aug. 18, 1983.

**750**

Robert J. Hillebrand, Belleville, Ill., for plaintiff-appellant.

Robert F. Quinn, Wood River, Ill., for defendant-appellee.

Before BAUER and COFFEY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.*

CELEBREZZE, Senior Circuit Judge.

The appellant appeals from an order dismissing his complaint for failure to state a claim under 42 U.S.C. Sec. 1983. The appellant, in his complaint, alleges that while he was campaigning as a candidate for the city council of Wood River, Illinois in March, 1981, the defendant, the Wood River Police Chief, published certain statistical and criminal history information which had been obtained from the Justice Department pursuant to the provisions of the Justice System Improvement Act, Public Law 96–157 (1979). The release of this type of information for reasons unrelated to law enforcement is prohibited by 42 U.S.C. Sec. 3789g(a) & (b).[1] The defendant-appellee moved to dismiss, asserting that the complaint failed to state a claim under Sec. 1983; the district court granted the motion and dismissed the complaint.[2] We affirm.

In some instances, an action may be maintained under 42 U.S.C. Sec. 1983 when state or local officials violate rights created by federal statutes. *E.g., Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). The statute indicates that any person acting under color of state law who deprives any person of any "rights, privileges or immunities secured by the Constitution and laws" of the United States may be liable under the statute. *Id.* at 4, 100 S.Ct.

---

* The Honorable Anthony J. Celebrezze, Senior Circuit Judge, U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

1. The complaint, as amended, also contained another count, in which the plaintiff claimed that he had been deprived of his constitutional right to privacy. This count was also dismissed by the district court. The appellant has not raised this question on appeal, and, consequently, we do not consider the merits of the claim.

2. The district court initially dismissed the complaint on July 22, 1982. A motion for reconsideration was also denied, but the appellant was permitted to amend his complaint. The amended complaint was dismissed on January 7, 1983 for the reasons stated in the district court's prior orders. The appellant appeals only from the order dismissing the second amended complaint.

at 2504. The dispositive question in this case, however, is not whether Sec. 1983 provides a remedy for violations of federal statutory rights by state officials; instead, the question is whether Congress, by enacting 42 U.S.C. Sec. 3789g, intended to create rights which may be enforced by a suit under Sec. 1983. *See Pennhurst State School v. Halderman,* 451 U.S. 1, 28, 101 S.Ct. 1531, 1545, 67 L.Ed.2d 694 (1981). Thus, the inquiry resembles the analysis used to determine whether a private cause of action may be implied from an enactment of Congress, *see Merrill Lynch, Pierce, Fenner & Smith v. Curran,* 456 U.S. 353, 377, 102 S.Ct. 1825, 1838, 72 L.Ed.2d 182 (1982) (focus of inquiry is upon intent of Congress); in either instance, a party must demonstrate that Congress intended to create a right which may be privately enforced. *Compare Merrill Lynch, Pierce, Fenner & Smith v. Curran,* 456 U.S. at 378, 102 S.Ct. at 1839 *with Middlesex Cty. Sewerage Auth. v. National Sea Clammers Assoc.,* 453 U.S. 1, 19, 101 S.Ct. 2615, 2625, 69 L.Ed.2d 435 (1981). Thus, a party may proceed under Sec. 1983 to remedy a violation of a federal statutory right unless Congress intended to foreclose private enforcement of the statute or unless the statute does not create an enforceable "right" under Sec. 1983. *Middlesex Cty. Sewerage Authority v. National Sea Clammers Assoc.,* 453 U.S. 1, 19, 101 S.Ct. 2615, 2626, 69 L.Ed.2d 435 (1981); *Pennhurst State School v. Halderman,* 451 U.S. 1, 28, 101 S.Ct. 1531, 1545, 67 L.Ed.2d 694 (1981).

■ In our view, 42 U.S.C. Sec. 3789g(b) does not create an enforceable right to prevent the disclosure of criminal history information; we do believe, however, that Sec. 3789g(a) creates a right *to be free* from unwarranted disclosures of statistical and research information.[3] Clearly, Sec. 3789g(b) is designed to assure that

information regarding an individual's criminal history will not be widely disseminated, *see* 42 U.S.C. Sec. 3789g(b). ("[T]he Office of Justice Assistance Research and Statistics shall assure that the security and privacy of all information is adequately provided for . . . .") and that the information shall only be used for law enforcement and criminal justice purposes. The subsection is essentially administrative in nature; it imposes an obligation upon the appropriate branch of the Law Enforcement Assistance administration to assure that the information is used only for the purpose for which it was collected. In contrast, Sec. 3789g(a), imposes an obligation upon employees of the federal government and *recipients of assistance* to refrain from revealing certain statistical information, except for the purpose for which it was obtained. This subsection clearly imposes an affirmative obligation upon every person possessing statistical information to use it only for its intended purpose. This obligation, unlike the obligation contained in Sec. 3789g(b), is personal, rather than institutional. Moreover, the obligation is imposed for the benefit and protection of a discrete class of individuals. The legislative history supports this distinction between statistical information and criminal history information: it indicates that provisions had been made for the "privacy of statistical and research information" and that safeguards had been imposed regarding the dissemination of criminal history information. Conf.Report No. 93–349, 93d Cong. 1st Sess. *reprinted in* 1973 U.S. Code Cong. and Adm.News 1729, 1741, 1747.

■ The distinction between the personal affirmative obligations imposed to protect the privacy of "any specific private person" and the institutional obligations imposed in Sec. 3789g(b) is, in our view, significant. Subsection (b) requires only that the Office of Justice Assistance Research and Statis-

---

**3.** Statistical and research information is general information collected to be used solely for research and statistical summaries. 42 U.S.C. Sec. 3735. This information is normally gathered in a fashion which makes the information impossible to attribute to a specific individual. *Id.* Criminal history information, however, is

information regarding a specific individual's past conduct and includes such information as arrests, convictions, confinement and release. 42 U.S.C. Sec. 3791(a)(9). The appellant alleges in his complaint that both statistical and criminal history information were revealed by the defendant.

tics (OJARS) implement safeguards to protect the information; subsection (a), however, imposes a personal obligation to refrain from unwarranted disclosure of information regarding specific individuals. Because Sec. 3789g(a) seeks to protect the privacy of a class of individuals from disclosure by any person and because the legislative history indicates that Congress intended to protect the privacy of these individuals, we believe that Sec. 3789g(a) creates a right to be free from unwarranted disclosure of statistical information. Conversely, we believe that Sec. 3789g(b) requires only that the OJARS implement a security policy to safeguard criminal history information and, thus, does not provide any specific protections to any group of individuals.

Although the appellant has a right to be free from unwarranted disclosures of statistical information, we believe that Congress has foreclosed the use of Sec. 1983 as a remedy. Congress, by enacting the Privacy Act of 1974, 5 U.S.C. Sec. 552a, has provided comprehensive private remedies for unwarranted disclosures of personal information, including the type of information disclosed here. This act, however, applies only to agencies of the United States Government. *See* 5 U.S.C. Sec. 552a(a)(1). Congress, when considering this legislation, specifically limited its scope to federal agencies. S.Rep. No. 93–1183, 93d Cong., 2d Sess. *reprinted in* 1974 U.S.Code Cong. & Adm. News 6916, 6932. Indeed, the bill, as originally introduced, contained a remedy for improper disclosures by state authorities; these provisions were deleted, however, because of the uncertain effect of such a provision [4] and because Congress felt that it lacked the necessary information for devising a remedial scheme in this context. *Id.* at 6933–34.

Congress, by limiting the scope of Sec. 552a, has provided unequivocal and persuasive evidence that it intended "to foreclose private enforcement" of Sec. 3789g(a) against state or local officials who make unwarranted disclosures of statistical information. Thus, we hold that an action under Sec. 1983 may not be maintained to remedy violations of 42 U.S.C. Sec. 3789g by state and local officials.[5]

Accordingly, the judgment of the district court is affirmed.

---

**4.** Specifically, the Senate Report expressed concern that a full hearing record had not been developed on the question of providing a remedy for state, local and private disclosures. Consequently, a commission was created for the purpose of creating such a record and recommending the "precise application of the Act where needed." S.Rep. No. 93–1183, 93d Cong.2d Sess. *reprinted in* 1974 U.S.Code Cong. & Adm.News 6916.

**5.** In his brief, the appellant also argues that a cause of action ought to be implied from Sec. 3789g, under the principles of *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). His complaint, however, does not appear to contain a cause of action directly based upon

Sec. 3789g, and he does not appear to have argued the matter before the district court. Normally, such a default would be dispositive of the question. We note, however, that our holding that Congress did not intend to provide a cause of action under Sec. 1983 for improper disclosures by state and local officials also disposes of the implication question. *Cort v. Ash,* 422 U.S. at 78, 95 S.Ct. at 2088 ("Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one?"). *See Merrill Lynch, Pierce, Fenner & Smith v. Curran,* 456 U.S. 353, 387, 102 S.Ct. 1825, 1843, 72 L.Ed.2d 182 (1982) ("The inference that Congress intended to preserve the pre-existing remedy is compelling").