Migdalia APONTE MELENDEZ,
Plaintiff, Appellant,

v.

Jaime L. ORTIZ OTERO, et al.,
Defendants, Appellees.

No. 91–1874.

United States Court of Appeals,
First Circuit.

Argued March 3, 1992.

Decided April 22, 1992.

Elisa A. Fumero Perez with whom Jose Antonio Pagan Nieves was on brief, for plaintiff, appellant.

Carlos Lugo Fiol, Asst. Sol. Gen., with whom Anabelle Rodriguez, Sol. Gen., and Reina Colon De Rodriguez, Deputy Sol. Gen., were on brief, for defendants, appellees.

Before BREYER, Chief Judge, SELYA and CYR, Circuit Judges.

CYR, Circuit Judge.

A number of years ago, appellant obtained a "career" civil service position with the Commonwealth of Puerto Rico Department of Health (hereinafter "DOH"), entitling her to protection from dismissal except for cause. *See* 3 L.P.R.A. § 1352. Later, she left her "career" position with DOH to become Executive Director of the Solid Waste Management Authority (hereinafter "SWMA"), a "trust" or "confidential" position from which she could be removed at will. *See* 3 L.P.R.A. § 1350. Approximately three years later, appellant resigned as Executive Director and was appointed Assistant Executive Director at SWMA, also a "trust" position. Shortly after appellant was dismissed as Assistant Executive Director on April 10, 1989, she was notified of her right under Puerto Rico law to return to a career position "equal or similar to the one [s]he held in the career service at the time [s]he passed to hold the confidential position." 3 L.P.R.A. § 1350. Although she was offered the very same career position she had held at DOH, appellant did not accept it.

■ After appellant unsuccessfully sought assignment to a career position at SWMA, she brought a civil rights action in the United States District Court for the District of Puerto Rico claiming a fourteenth amendment right to a career position with SWMA. The district court granted summary judgment in favor of the de-

fendants.[1] The only issue on appeal is whether appellant established a constitutionally-protected property interest in a career position with SWMA.

## DISCUSSION

The "property interest" determination turns on Puerto Rico law, *Jiminez–Torres de Panepinto v. Saldana*, 834 F.2d 25, 27 (1st Cir.1987), which provides that—

> Whenever a regular employee in a career position passes to hold a confidential position and is subsequently removed therefrom, [s]he shall be entitled to be reinstated in a position equal or similar to the one [s]he held in the career service at the time [s]he passed to hold the confidential position.

3 L.P.R.A. § 1350. According to appellant, a 1981 memorandum issued by the Central Office of Personnel Administration of Puerto Rico (hereinafter "OCAP")[2] establishes her statutory right to reemployment by the Commonwealth in a career position within the agency which terminated her "trust" position, provided an appropriate position is available. Appellees contend that appellant's fourteenth amendment property interest entitled her to reemployment by the Commonwealth in a career position "equal or similar" to her career position with DOH. Since she declined reinstatement to the same career position previously held at DOH, appellees argue that appellant was not deprived of any constitutionally-protected property interest.

■ The OCAP possesses the statutory authority to interpret the Personnel Act and to promulgate rules for its implementation. 3 L.P.R.A. § 1323. Although its interpretations enjoy the force of law, *see Lebron v. Departamento de Servicios Sociales*, 91 JTS 73 at 8891 (1991), OCAP's authority is limited "to carry[ing] out the execution of the law," *Ex Parte Irizarry*, 66 P.R.R. 634, 638 (1946). It possesses no authority to promulgate rules "in conflict with the law ...", because its regulatory powers do not empower it to change the legislative ... criteria embodied in the prevalent state of the law." *Lebron* at 8891[3]; *A.P.I.A.U. v. Sec'y of the Treasury*, 100 P.R.R. 171, 177 (1971) ("the text of the law should never be understood as modified or substituted by the Regulations") (quoting *Rosario Mercado v. San Juan Racing Assn.*, 94 P.R.R. 605, 614 (1967)); *Irizarry*, 66 P.R.R. at 638 (OCAP's "power may never be exercised in such a manner as to cause the intention of the legislator [sic] to be substituted by that of the board").

Appellant utilizes the precatory 1981 OCAP memorandum in an attempt "to change the legislative criteria" by expanding the career position reinstatement provisions prescribed in 3 L.P.R.A. § 1350. Yet, as appellant cites to no authority and we are constrained to interpret the precatory language in the OCAP memorandum, and in the regulations from which it is derived, as an administrative directive for the implementation of 3 L.R.R.A. § 1350, *see Irizarry*, 66 P.R.R. at 638, rather than an enlargement of the property interest established by the statute, appellant's interpretation must be rejected. Accordingly, having

---

**1.** The district court also dismissed a first amendment claim, for failure to adduce any facts in its support. We cannot discern the nature of the first amendment claim. Although appellant's brief on appeal once again makes cursory reference to a first amendment claim, the claim is supported by no "developed argumentation." Accordingly, we deem it waived. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.), *cert. denied*, 494 U.S. 1082, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990) (it is a "settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

**2.** The OCAP memorandum states in relevant part:

> The responsibility for effecting the *reinstatement* shall correspond to the agency where the trust or probationary employee is separated from. The agency shall exhaust all resources in order to effect the *reinstatement* in any of its programs. (emphasis added).

*Cf.* OCAP Personnel Regulations: Areas Essential to the Merit Principle § 5.5 (language similar to § 1350).

**3.** Although we cite to the Spanish version of the quoted passage, the English quotation set forth in the text is from the certified translation submitted on appeal. *See Lebron*, certified translation at 8.

been tendered reinstatement to her career position at DOH, appellant was not deprived of a constitutionally protected property interest[4] and the district court judgment must be affirmed.

*Affirmed.*

---

**4.** Although appellant argues that the meaning of the OCAP memorandum is a factual issue which precluded summary judgment, we think it clear in the present context that the interpretation of an administrative memorandum, like an administrative regulation, *see Hernandez Flecha v. Qui-ros,* 567 F.2d 1154, 1157 (1st Cir.1977), *cert. denied,* 436 U.S. 945, 98 S.Ct. 2846, 56 L.Ed.2d 786 (1978) (meaning of federal regulation is a matter of law), presents a question of law for the court.