[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 01-1016

MARIO PEREZ-SANTOS,

Plaintiff, Appellant,

v.

JOSE A. MALAVE, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

Mario Perez Santos on brief pro se.
Robert J. Sanchez Ramos, Solicitor General, Vanessa Lugo Flores, Deputy Solicitor General, and Sigfredo Rodriguez-Isaac, Assistant Solicitor General, on brief for appellees.

November 28, 2001

**Per Curiam**. Mario Pérez-Santos appeals pro se from the district court's denial of his motion for default judgment against Jose A. Malavé and dismissal of the complaint. Fed.R.Civ.P. 55(c) provides, in relevant part, that "[f]or good cause shown the court may set aside an entry of default." "After an entry of default, a court may examine a plaintiff's complaint to determine whether it alleges a cause of action. In making that determination it must assume that all well pleaded factual allegations are true." Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir. 1992). Review of the district court's dismissal of the complaint is de novo. See Cruz-Erazo v. Rivera-Montanez, 212 F.3d 617, 621 (1st Cir. 2000).

The district court did not err in dismissing Pérez' claims against Malavé and co-defendant Víctor Fajardo under the Privacy Act, 5 U.S.C. § 552a. The private right of action created by § 552a(g) of the Privacy Act is limited to actions against agencies of the federal government and does not apply to state agencies or individuals. See Dittman v. California, 191 F.3d 1020, 1026 (9th Cir. 1999); Polchowski v. Gorris, 714 F.2d 749, 752 (7th Cir. 1983); Wren v. Harris, 675 F.2d 1144, 1148 n.8 (10th Cir. 1982). Therefore, the

Privacy Act did not create a private right of action against Malavé and Fajardo in their personal or official capacities.

Pérez referred in his complaint to the violation of his rights under the Fourth Amendment, without any explanation of how those rights were violated. On appeal, he stated that the district court erred in dismissing his Fourth Amendment claim, but again did not make any developed argument in support of that statement. Therefore, the argument is waived. See Aponte Melendez v. Ortiz Otero, 964 F.2d 1225, 1226 n.1 (1st Cir. 1992) (holding that "[a]lthough appellant's brief on appeal once again makes cursory reference to a first amendment claim, the claim is supported by no 'developed argumentation.' Accordingly, we deem it waived").

The district court judgment denying Pérez' motion for default judgment and dismissing the complaint (without prejudice to the Puerto Rico law claims being brought in the Puerto Rico courts) is affirmed.