Barry L. FETZER, Plaintiff,

v.

CAMBRIA COUNTY HUMAN SERVICES, Cambria County Children and Youth Services, Dan Ayres, Cecil Cole, Hanna Cole, Cambria County Commissioner(s), and Cambria County Mental Health, Defendants.

Civil Action No. 2004–323J.

United States District Court, W.D. Pennsylvania.

July 7, 2005.

---

Barry L. Fetzer, Johnstown, PA, pro se.

Marie Milie Jones, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, PA, Mary Lou Maierhofer, Meyer, Darragh, Buckler, Bebenek & Eck, Altoona, PA, for Defendants.

## *MEMORANDUM OPINION and ORDER*

GIBSON, District Judge.

### SYNOPSIS

This matter comes before the Court on Defendants, Cambria County Human Services, Cambria County Children and Youth Services, Mr. Dan Ayres, Ms. Hanna Cole, Cambria County Commissioners, and Cambria County Mental Health's Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss (Document No. 15) and accompanying Brief in Support thereof (Document No. 16), as well as the Plaintiff's Brief in Reply. (Document No. 18). For the reasons set forth herein, the Defendants' Motion is granted in part and denied in part.[1]

### JURISDICTION AND VENUE

Jurisdiction is proper over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and the Plaintiff's state common law claims pursuant to this Court's supplemental jurisdiction. 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391.

### RULE 12(b)(6), GENERALLY

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6):

the district court [is] required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant. *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir.1989); *D.P. Enters., Inc. v. Bucks County Community College,* 725 F.2d 943, 944 (3d Cir. 1984). In determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record. Moreover, a case should not be dismissed for failure to state a claim unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *D.P. Enters.,* 725 F.2d at 944.

---

**1.** This Court notes that this Memorandum Opinion and Order does not apply to Cecil Cole, a defendant who has not submitted a 12(b) motion of any type or answered the Plaintiff's Complaint as of the filing date of this Memorandum.

*Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3rd Cir.1994). In considering a Rule 12(b)(6) motion to dismiss, the court is not deciding the issue of whether a plaintiff will ultimately prevail, but is deciding whether the plaintiff is entitled to offer evidence to support claims. "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96 (1974).

> [D]ismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected. The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading. This is true even when the district judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading. Thus, the cases make it clear that leave to amend the complaint should be refused only it if appears to a certainty that the plaintiff cannot state a claim.

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (3rd ed.2004)(footnotes omitted).

## FACTS

On December 30, 2004, Plaintiff filed the above-captioned action alleging violations of his rights under the Privacy Act of 1974, codified at 5 U.S.C. § 552a, by Cambria County Human Services (Document No. 2, Count 1), Cambria County Mental Health (Document No. 2, Count 2), Mr. Dan Ayres, Mr. Cecil Cole, and Ms. Hanna Cole. (Document No. 2, Count 3). The Plaintiff also alleges that Defendants Ayres, C. Cole, and H. Cole violated 42 U.S.C. § 1985(2) by conspiring to harm Plaintiff due to his status as a potential witness before the Cambria County Court of Common Pleas. *Id.* The Plaintiff further alleges that Defendants C. Cole and H. Cole committed the common law torts of invasion of privacy and civil conspiracy. (Document No. 2, Count 4).

The Defendants assert that the Plaintiff has failed to state a claim on Counts One and Two as the Privacy Act applies only to agencies of the federal government. (Document No. 16). Defendants further argue that Count Three should be dismissed against Mr. Ayres and Ms. Cole for two reasons. First, as to the portion of the count based upon alleged Privacy Act violations, the Defendants rely upon the same arguments made in Counts One and Two. Second, the remainder of Count Three is based upon an alleged violation of 42 U.S.C. § 1985(2), and the Defendants assert that the Plaintiff has failed to state a claim under § 1985(2) as he has not alleged being a potential witness to a proceeding in any court of the United States, nor has he alleged class-based, invidiously discriminatory animus. Finally, the Defendants argue that because all federal claims should be dismissed for the above stated reasons, this Court should decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) and dismiss Count Four.

## PRIVACY ACT

Although the Third Circuit has not explicitly addressed whether the private right of action created in 5 U.S.C. § 552a(g) applies to parties other than agencies of the federal government, a careful reading of the statute and an examination of decisions from other circuits indicate that it does not.

■ The civil remedies portion of the Privacy Act explicitly states that it applies

to agencies, thus eliminating the possibility of a cause of action under the Privacy Act against any natural person sued under the act, viz., Mr. Ayres[2] and Ms. Cole. 5 U.S.C. § 552a(g)(1). In addition, the Act defines "agency" by referring to the Freedom of Information Act, at 5 U.S.C. § 552(e), which has been moved to 5 U.S.C. 552(f). The Freedom of Information Act, at 5 U.S.C. § 552(f), refers to 5 U.S.C. § 551(1) as the appropriate definition of "agency." This section defines agency as "... each authority of the Government of the United States, whether or not it is within or subject to review by another agency ..." *Id.* Moreover, the civil remedies portion of the Privacy Act states that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this paragraph in which the complainant has substantially prevailed." 5 U.S.C. § 552a(g)(2)(B). It would be illogical to single out the United States to pay attorney fees if the Privacy Act had created a private right of action against parties that are not federal agencies.

Although it has not addressed whether the Privacy Act can apply to non-federal agencies, the Third Circuit has held that the Freedom of Information Act does not apply to state governments. *Rasmussen v. U.S.*, 4 F.3d 1227, 1249 (3rd Cir.1993). The Privacy Act incorporates the Freedom of Information Act's definition of "agency." Other circuits have addressed this specific issue and held that the Privacy Act applies only to federal agencies, not state or local agencies and not individuals. *Schmitt v. City of Detroit*, 395 F.3d 327, 329 (6th Cir.2005); *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir.1999); *Connelly v. Comptroller of the Currency*, 876 F.2d 1209, 1215 (5th Cir.1989); *Polchowski v. Gorris*, 714 F.2d 749, 752 (7th Cir.1983); *Wren v. Harris*, 675 F.2d 1144, 1148, n. 8 (10th Cir.1982).[3]

■ Accordingly, this Court finds that as a matter of law, an action under the Privacy Act cannot be maintained against Defendants Ayres, H. Cole, Cambria County Human Services and Cambria County Mental Health. Therefore, Defendants' Motion is granted as to Counts One and Two as well as the Privacy Act portion

---

2. This Court notes that although Mr. Ayres is being sued in his *official* as well as individual capacities, he would not be a proper party even if his employer had been a federal agency. No person can be sued in his or her individual capacity under the Privacy Act, as the Act applies only to federal agencies. *Schmitt v. City of Detroit*, 395 F.3d 327, 329 (6th Cir.2005); *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir.1999); *Connelly v. Comptroller of the Currency*, 876 F.2d 1209, 1215 (5th Cir.1989); *Polchowski v. Gorris*, 714 F.2d 749, 752 (7th Cir.1983); *Wren v. Harris*, 675 F.2d 1144, 1148 n. 8 (10th Cir. 1982). Although the Third Circuit has not addressed whether individuals sued in their official capacity are proper parties, the Seventh Circuit has applied the rule that the Privacy Act applies only to federal agencies literally and stated *in dicta* that individuals sued in their official capacities are not proper parties. *Bavido v. Apfel*, 215 F.3d 743, 747

(7th Cir.2000). This Court agrees with the Seventh Circuit. Where an agency is the only proper party and has been named as a party, it would be superfluous to sue an individual in his or her official capacity. This conclusion is supported by the fact that it would not be proper to sue that individual in his or her individual capacity. Furthermore, even where a federal agency has not been named as a party, it is improper and unduly confusing for a Plaintiff to name an individual employee in his or her official capacity as a means of naming the agency. Therefore, the Court concludes that individuals, sued either in their official or individual capacities, are not proper parties under a cause of action based upon the Privacy Act.

3. The Defendants also cite *Perez–Santos v. Malave*, 23 Fed.Appx. 11, 12 (1st Cir.2001) in support of this proposition.

of Count Three with prejudice. Because the Plaintiff has alleged no other claims against Cambria County Health Services or Cambria County Mental Health, they are effectively dismissed as parties from this litigation. The Privacy Act claims are also dismissed with prejudice as to Cambria County Commissioners and Cambria County Children and Youth. Thus, the only remaining claims are alleged violations of 42 U.S.C.1985(2) and the state law claims.

## 42 U.S.C. § 1985(2) CLAIM

■ There are two possible bases for a § 1985(2) action. *Brawer v. Horowitz,* 535 F.2d 830, 840 (3rd Cir.1976). The first portion of § 1985(2) applies to conspiracies to "... deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein ..." 42 U.S.C. § 1985(2). Accordingly, the federal nexus to causes of action based upon the first portion of § 1985(2), the portion preceding the semi-colon, is a connection to proceedings in a federal court. *Brawer v. Horowitz,* 535 F.2d at 840.

■ In contrast, the second portion of § 1985(2) applies to conspiracies with the purpose of "impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws ..." 42 U.S.C. § 1985(2). The federal nexus to this portion of § 1985(2) is "class-based, invidiously discriminatory animus." *Brawer v. Horowitz,* 535 F.2d at 840. Thus, in order for a plaintiff to state a claim under the latter portion of § 1985(2), the plaintiff must allege class-based, invidiously discriminatory animus. *See id.*

■ The Plaintiff has failed to state a claim under either portion of § 1985(2), as the Plaintiff alleges being a witness before the Court of Common Pleas in Cambria County, Pennsylvania and because the Plaintiff has failed to allege class-based, invidiously discriminatory animus. Because no amendment to Plaintiff's Complaint can change the court before which the underlying family law case was heard, the portion of Plaintiff's Complaint concerning being a witness in the Cambria County Court of Common Pleas must be dismissed with prejudice. However, because the Plaintiff could still allege class-based, invidiously discriminatory animus as to Defendants Ayres and H. Cole, the overall claim under § 1985(2) of Plaintiff's Complaint is dismissed without prejudice.

## STATE LAW CLAIMS

The Defendants seek dismissal of the state law claims based upon the presumed dismissal of all federal claims. (Defendant's Brief, pp. 4, 7). They have not addressed the substance of these claims. *Id.* Because the Plaintiff could still amend his complaint to state a cause of action under the second portion of § 1985(2), the Defendants' Motion to Dismiss is denied without prejudice as to the state law claims.

An appropriate Order follows.

**AND NOW,** this 7th day of July, 2005, this matter coming before the Court on the Defendants' Motion to Dismiss (Document No. 15) and Brief in Support thereof (Document No. 16), and the Plaintiff's Brief in Reply to Motion to Dismiss, in accordance with the Memorandum Opinion, IT IS HEREBY ORDERED THAT the Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART as follows:

1) Counts One and Two are DISMISSED IN THEIR ENTIRETY WITH PREJUDICE;

2) Count Three is DISMISSED WITH PREJUDICE to the extent that it alleges violations of the Privacy Act

and/or violations of the portion of 42 U.S.C. § 1985(2) preceding the semicolon;

3) Count Three is DISMISSED WITHOUT PREJUDICE to the extent that it alleges violations of the portion of 42 U.S.C.1985(2) following the semicolon, and the Plaintiff is granted leave to amend said Count to the extent that it is dismissed without prejudice within twenty days of the date of this Order so as to properly state the claims alleged therein;

4) the Motion to Dismiss is DENIED WITHOUT PREJUDICE as to Count Four.