CLD-008                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2378
_____

CARL S. ROBINSON,
                                           Appellant

v.

THERESA DELBALSO, Superintendent; BERNADETTE MASON, Acting
Superintendent; LORI WHITE, Deputy Superintendent; DR. NEWTON
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-20-cv-01796)
District Judge:  Honorable Jennifer P. Wilson
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 and
for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 13, 2022
Before:  MCKEE,[1] GREENAWAY, JR., and MATEY, <u>Circuit Judges</u>

(Opinion filed: November 28, 2022)
_____

OPINION[*]
_____

---

[1] Judge McKee assumed senior status on October 21, 2022.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Carl Robinson, proceeding pro se, appeals from the District Court's dismissal of his second amended complaint for failure to state a claim. Dr. Andrew Newton has filed a motion for summary action. For the reasons discussed below, we will summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2020, Robinson filed a complaint pursuant to 42 U.S.C. § 1983 against Dr. Newton and several prison officials at Mahanoy State Correctional Institution, where he was incarcerated. The complaint alleged that Robinson was assaulted by a cellmate on or about November 1, 2019, and discovered that he had been diagnosed with Phencyclidine induced psychotic disorder on or about March 12, 2020. Robinson then filed grievances related to his diagnosis, which were denied. On or about April 1, 2020, Robinson was transferred from the Recovery Treatment Unit to the general prison population without explanation and had to be double-celled because his "Z-code" status had been removed. Robinson alleged that defendants thereby violated his constitutional rights, specifically by failing to protect him from being sexually assaulted, illegally removing his "Z-code" classification, using excessive force in moving him to a new cell, and retaliating against him in violation of his First Amendment rights. He also alleged that defendants violated the Privacy Act by maintaining inaccurate medical records. After defendants filed motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), Robinson filed an amended complaint that was substantially the same as his initial complaint.

Defendants brought additional motions to dismiss under Rule 12(b)(6), which the District Court granted, dismissing the complaint with leave to amend. Robinson then filed a second amended complaint, the operative complaint here, adding that the prison officials were liable because they were made aware of the constitutional violations through his grievances and staff requests, and because they created a "policy or custom under which unconstitutional practices occurred." Again, the District Court granted the defendants' motions to dismiss, adopting the Magistrate Judge's conclusion that Robinson had failed to set forth facts from which any of the defendants' individual or supervisory liability could be inferred. Robinson timely appealed.

We have jurisdiction to review the District Court's judgment pursuant to 28 U.S.C. § 1291. We review de novo the District Court's grant of the motions to dismiss pursuant to Rule 12(b)(6). See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). "[A] complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We construe Robinson's pro se filings liberally. See Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We agree with the District Court that Robinson's second amended complaint did not state a plausible claim for relief. First, he failed to allege the defendants' personal involvement, see Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007), and he cannot

3

predicate liability on his § 1983 claims on a respondeat superior basis, see Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 227 (3d Cir. 2015). His conclusory statements that defendants Delbaso, Mason, and White "created a policy or custom under which unconstitutional practices occurred" are insufficient to allege personal involvement. See Parkell v. Danberg, 833 F.3d 313, 331 (3d Cir. 2016) ("To presume that [unconstitutional] practices arose from [an official's] policies merely because of his position . . . is to rely on respondeat superior."). The second amended complaint also fails to allege that defendants "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004). Contrary to Robinson's assertions, awareness of a grievance or complaint after the allegedly unconstitutional conduct has occurred, without more, is insufficient to establish personal involvement. See Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

Regarding Robinson's claims against Dr. Newton based on an alleged misdiagnosis, the second amended complaint does not specify what, if any, part Newton had in diagnosing him or maintaining his medical records. And, as the Magistrate Judge's report explained, Robinson failed to allege facts supporting a constitutional violation. We agree with the District Court that such an absence of factual allegations is fatal to Robinson's claims regarding his alleged misdiagnosis. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Further, to the extent that Robinson seeks to pursue a claim under

the Privacy Act, the Act does not apply to state or municipal agencies or their employees. See Polchowski v. Gorris, 714 F.2d 749, 752 (7th Cir. 1983). Finally, because Robinson has had two opportunities to amend his complaint, declining to grant further leave to amend was proper. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, because the appeal does not raise a substantial question, we will affirm the judgment of the District Court. Dr. Newton's motion for summary action is granted. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.